# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-506V
(not to be published)

| | |
|---|---|
| BICH NGOC TO,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 21, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rate; Paralegal Time; Non-Compensable Billing |

*Hoa Xuan Manh*, Charles H. Manh, P.C., Westminster, CA, for Petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 6, 2018, Bich Ngoc To filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury as a result of a tetanus-diphtheria-acellular pertussis vaccine administered on April 28, 2017. (Petition at 2, 5). On September 28, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 55).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 12, 2021 (ECF No. 60), requesting a total award of $38,478.27 (representing $37,465.00 in fees and $1,013.27 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 59). Respondent reacted to the motion on April 18, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 62). Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

# ATTORNEY FEES

### A. Hourly Rates

Petitioner requests I endorse the rate of $450 per hour for attorney Hoa Xuan Manh (Charles H. Manh) for all time billed between 2017 – 2020. (ECF No. 61 at 2). Mr. Manh has been a licensed attorney since 1988, placing him in the range of attorneys with 20 – 30 years' experience between 2017 – 2018 and the range of with over 31 years' experience between 2019 - 2020.[3] (*Id*). The requested rate, however, is excessive. As this is Mr. Manh's first case in the Program, he does not have demonstrated Vaccine Act experience. It is therefore improper for him to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates for Mr. Manh's time on this matter to the following: $375 per hour for time billed in 2017; $395 per hour for time billed in 2018; $415 per hour for time billed in 2019; and $430 per hour for time billed in 2020. This reduces the amount to be awarded in fees by **$3,754.50**.[4]

### B. Paralegal Tasks at Attorney Rates

Fees to be awarded in this case must also be reduced to account for work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs*., 99-382V, 2009 WL

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount is calculated as follows: ($450 - $375 = $75 x 2 hrs = $150) + ($450 - $395 = $55 x 40.55 hrs = $2,230.25) + ($450 - $415 = $35 x 35.15 hrs = $1,230.25) + ($450 - $430 = $20 x 7.2 hrs = $144) = $3,754.50.

3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Manh billed over 15 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, faxing, mailing and filing documents. Examples of these (which are not an exhaustive list) include the following:

- January 18, 2018 (1.5 hrs) "Prep fax cover letter to health care providers, authorizations";

- June 20, 2018 (0.10 hrs) "File Motion to Substitute Attorney in place of William Welden";

- April 11, 2019 (0.50 hrs) "Prep fax letter and med authorization to Dr. Dang, Dr. Nguyen & Dr. Tran";

- April 23, 2019 (0.25 hrs) "Call to Dr. Nguyen's office re records request, fax to Amy at Dr. Nguyen's office; and

- May 14, 2019 (1.25 hrs) "Follow up calls to 3 HC Providers for fees/costs since 4/28/17; prep faxes to 2."

(ECF No. 61 at 5,7, 10-12).

I shall reduce Mr. Manh's rate for these tasks to $145 per hour, which is comparable to what a paralegal would receive. This further reduces the awardable attorney fees by **$3,985.00**.[5]

### C. Non-Compensable Billing

Mr. Manh billed a total of 10.25 hours for time spent on tasks which are not reimbursable. In particular, Petitioner requests fees associated with Mr. Newlon's bar admission to the Court of Federal Claims. However, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl.

---

[5] This amount consists of ($395 - $145 = $250 x 3.55 hrs = $887.50) + ($415 - $145 = $270 x 11.05 hrs = $2,983.50) + ($430 - $145 = $285 x 0.4 hrs = $114) = $3,985.00.

4

Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Examples of these tasks include:

- April 6, 2018 (0.75 hrs) "Call from Clerk of Court of Claims, review and download Application for Admission";

- May 18, 2018 (0.50 hrs) "Call to CFC Bar Association (follow up on 5/16/18);prep letter to California Supreme Court";

- May 31, 2018 (2.25 hrs) "Email to deputy clerk at CFC; call to CFC Bar Association; emails to 7 CFC Bar CA members re letters of reference to CFC re Charles Manh Admitted"; and

- June 7, 2018 (2.0 hrs) "Emails and calls to Clerk of courts to US Supreme Court finalize letter to CFC finalize Charles Manh's application"

(ECF No. 61 at 5 -6).

The Program does not pay fees associated with the Court's bar admission process. I will therefore deny reimbursement for all such fees, reducing the amount to be awarded for attorney's fees by **$4,048.75**.[6]

## ATTORNEY COSTS

Petitioner requests $1,354.37 in costs. (ECF No. 61 at 20). This amount is comprised of the cost for bar admission to the Court of Federal Claims, the Court's filing fee, and medical records. I find the majority of these reasonable, with the exception of the $281.00 charge associated with "Clerk of Court of Federal Claims. (ECF No. 61 at 20). This represents the cost of an attorney's admission to the Court's bar – not a reimbursable sum in the Vaccine Program. The costs to be awarded are thus reduced by **$281.00**.

---

[6] This amount consists of the reduced rate of $395 x 10.25 hrs = $4,048.75.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$26,409.02** (representing $25,676.75 in fees and $731.27 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.